# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1455V
Filed: June 27, 2025

| | |
|---|---|
| JULIA HUNT,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Master Horner |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 23, 2020, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that she suffered dermatomyositis as the result of the influenza ("flu") vaccine she received on November 14, 2017. (ECF No. 1.) On May 23, 2024, the undersigned issued a decision dismissing the petition and concluding that petitioner was not entitled to compensation for her injuries. (ECF No. 48.) Petitioner filed a motion for final attorneys' fees and costs on October 11, 2024. (ECF No. 53.) Petitioner requests a total of $64,336.47 in attorneys' fees and costs, including $51,254.70 in attorneys' fees and $13,081.77 in costs. (*Id.* at 2.)

On October 22, 2024, respondent filed a response to petitioner's motion. (ECF No. 54.) Respondent argues "[n]either the Vaccine Act nor Vaccine Rule 13 require

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs.  (*Id.* at 3.)

I. **Attorneys' Fees**

The Vaccine Act permits an award of reasonable attorneys' fees and costs, § 300aa-15(e), and the Federal Circuit has approved the lodestar approach to determine what constitutes a reasonable award.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

Special masters need not engage in a line-by-line analysis of petitioners' fee application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).  Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision."  Vaccine Rule 13(a)(3).

    A. <u>Hourly Rates</u>

Petitioner requests the following rates of compensation for her attorneys at Muller Brazil, LLP:  for Amy Senerth, $275 per hour for work completed in 2020, $300 per hour for work completed in 2021, $325 per hour for work completed in 2022, $375 per hour for work completed in 2023, and $400 per hour for work completed in 2024; for Bridget McCullough, $225 per hour for work completed in 2019; for Shealene Mancuso, $275 per hour for work completed in 2020; for Paul Brazil, $317 per hour for work completed in 2018, $325 per hour for work completed in 2019, and $350 per hour for work completed in 2020; and for Max Muller, $450 per hour for work completed in 2024.  (ECF No. 53, pp. 1-19.)  For paralegals, petitioner requests the following rates:  for Stacie Bole, Stacey Bowman, Michelle Coles, and Marcela Senerth, $125 per hour; for Erik Pavlacsek, $125 per hour for work completed in 2020, 2021, and 2022, and $140 per hour for work completed in 2023 and 2024; for Tereza Pavlacsek, $125 per hour for

work completed in 2018, $150 per hour for work completed in 2020, $160 per hour for work completed in 2021 and 2022, and $177 per hour for work completed in 2023 and 2024; for Katy Yoos, $165 per hour; and for Leigh Finfer, $185 per hour.  (*Id.*)

The requested rates are consistent with what Muller Brazil has previously been awarded for their work in the Vaccine Program and the undersigned finds them to be reasonable herein.  *See Putman v. Sec'y of Health & Human Servs.*, No. 19-1921V, 2022 WL 2133979, at *2-3 (Fed. Cl. Spec. Mstr. May 12, 2022); *Jacobs v. Sec'y of Health & Human Servs.*, No. 21-957V, 2024 WL 1526586, at *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2024); *Galante v. Sec'y of Health & Human Servs.*, No. 18-1933V, 2024 WL 4043996, at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 2024); *Waszak v. Sec'y of Health & Human Servs.*, No. 21-1805V, 2024 WL 3101537, at *1 (Fed. Cl. Spec. Mstr. May 20, 2024); *McGaughey v. Sec'y of Health & Human Servs.*, No. 21-0261V, 2023 WL 4048643, at *2 (Fed. Cl. Spec. Mstr. May 15, 2023).

### B. Reduction in Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary" in their fee applications.  *Saxton*, 3 F.3d at 1521.  In reducing an award of fees, the essential goal is to achieve "rough justice."  *Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016).  Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allotting an attorney's time."  *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

After a review of the submitted billing records, the undersigned finds the overall number of hours billed appears to be largely reasonable.  The billing entries include sufficient detail and adequately describe the work completed on the case and the amount of time spent on that work.  However, the undersigned finds that a small reduction in the requested fees is necessary for several specific reasons.  First, there are several billing records by various paralegals for administrative tasks, such as document filing and preparing exhibits for filing, which have been found to be non-compensable in this program.[3]  *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).  Second, attorneys billed attorney time for directing paralegals to file documents, which is task so negligible that it should not be billed for at all.[4]  *Vinocur v. Sec'y of*

---

[3] For example, a non-exhaustive list of these entries includes:  "E-file petition and exhibits" on October 23, 2020; "E-file motion to issue subpoena" on November 4, 2020; "E-file M to sub counsel" on December 2, 2020; "Prep ex 12 for filing" on January 26, 2021; "E-file JSR" on March 24, 2021; "Prep ex 13-54 for filing" on August 17, 2021; "E-file SR" on April 18, 2022; "E-file MFE" on June 20, 2023; and "E-file JNNSR" on June 14, 2024.  (ECF No. 53, pp. 6-19.)

[4] For example, a non-exhaustive list of these entries includes: "Direct paralegal activity re: filing" on October 23, 2020; "Direct paralegal, re:  file motion to sub counsel"; "Direct paralegal, re: file records from

*Health & Human Servs.*, No. 17-598V, 2020 WL 3619896, at *2 (Fed. Cl. Spec. Mstr. June 29, 2020); *O'Leary v. Sec'y of Health & Human Servs.*, No. 18-584V, 2022 WL 1055352, at *2 (Fed. Cl. Spec. Mstr. Mar. 21, 2022). Lastly, Ms. Senerth occasionally engaged in block billing that hinders review of her billing.[5] Accordingly, the undersigned finds that a 2% reduction to the requested attorneys' fees is reasonable and appropriate. This results in an attorneys' fees award of $50,229.61.

## II. Attorneys' Costs

Petitioner requests an award of $13,081.77 in costs incurred by counsel, representing $12,500 in expert fees and $581.77 in expenses for obtaining medical records, the Court's filing fee, and mailing costs. (ECF No. 53, p. 21.)

### A. Expert Fees

Expert work in this program is also assessed using the lodestar method. *Avera*, 515 F.3d at 1347 (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-001V, 2017 WL 490426, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs). Generally, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake. *Aycock v. Sec'y of Health & Human Servs.*, No. 19-235, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).

Petitioner requests $12,500 for 25 hours of work performed by rheumatologist/immunologist Dr. M. Eric Gershwin. (ECF No. 53, pp. 21, 28-32.) Dr.

---

Brooklyn Spine & Arthritis Center" on January 26, 2021; and "direct paralegal, re: file expert report & references" on August 15, 2021. (ECF No. 53, pp. 6-19.)

[5] For example, on March 24, 2021, Ms. Senerth billed 0.4 hours for "Review response from doj, re: JSR; re-read order; proof read JSR once again & direct paralegal, re: filing." (ECF No. 53, p. 12.) While reviewing correspondence with opposing counsel, reviewing orders, and proofreading a document prior to filing are all reasonable tasks warranting compensation, attorneys should not bill for time spent directing paralegals to file documents. The undersigned and other special masters have cautioned Ms. Senerth and other Muller Brazil attorneys against this practice and accordingly reduced the requested fee award in those decisions. *E.g.*, *O'Leary*, 2022 WL 1055352, at *2; *Doxzon v. Sec'y of Health & Human Servs.*, No. 19-1236V, 2021 WL 5411101, at *2 (Fed. Cl. Spec. Mstr. Oct. 28, 2021); *Vinocur*, 2020 WL 3619896, at *2; *Guathier v. Sec'y of Health & Human Servs.*, No. 18-753V, 2022 WL 1087444, at *2 (Fed. Cl. Spec. Mstr. Mar. 22, 2022); *Foster v. Sec'y of Health & Human Servs.*, No. 17-1502V, 2020 WL 3619919, at *2 (Fed. Cl. Spec. Mstr. June 23, 2020); *Eads v. Sec'y of Health & Human Servs.*, No. 17-881V, 2020 WL 7366342, at *2 (Fed. Cl. Spec. Mstr. Nov. 17, 2020). By engaging in block billing, the undersigned cannot determine how much time Ms. Senerth spent on the compensable tasks versus the time spent directing the paralegal.

4

Gershwin billed petitioner at a rate of $500 per hour,[6] which is consistent with the rate Dr. Gershwin has been awarded in prior decisions for his work in the Program. *E.g.*, *Lemieux v. Sec'y of Health & Human Servs.*, No. 19-1121V, 2024 WL 3760414, at *4 (Fed. Cl. Spec. Mstr. July 11, 2024); *Elvira v. Sec'y of Health & Human Servs.*, No. 17-531V, 2021 WL 1626611, at *3 (Fed. Cl. Spec. Mstr. Mar. 31, 2021); *Mills v. Sec'y of Health & Human Servs.*, No. 17-457V, 2021 WL 798823, at *3 (Fed. Cl. Spec. Mstr. Feb 4, 2021). Moreover, the undersigned finds the total amount of hours billed by Dr. Gershiwn to be appropriate and reasonable, given the tasks he performed. Accordingly, petitioner is awarded Dr. Gershwin's expert fees in full.

### B. Other Costs

I have reviewed the remainder of the costs requested and find that the are reasonable and sufficiently documented, except that there is no record support for an August 23, 2018 billing entry of $6.67 for "Certified mail - contact letter." (*See* ECF No. 53, pp. 22-27.) As a result, $6.67 will be deducted from the costs awarded.

Accordingly, the undersigned awards petitioner costs in the amount of $13,075.10.

### III. Conclusion

**Accordingly, petitioner is awarded attorneys' fees and costs in the total of $63,304.71 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel Horner**
Daniel Horner
Special Master

---

[6] Dr. Gershwin's invoice dated August 9, 2021 erroneously states that he is requesting a rate of "4500/hr" for 9.5 hours of work spent reviewing medical records and preparing his expert report. (ECF No. 53, p. 28.) However, that invoice requests compensation totaling $4,750, suggesting Dr. Gershwin is requesting a rate of $500 per hour for those 9.5 hours of work. (*Id.*) An hourly rate of $500 is consistent with the rates requested by Dr. Gershwin on the other invoices submitted with this motion. (*Id.* at 30-32.) Therefore, for the purposes of this decision, the undersigned assumes that petitioner is requesting a rate of $500 per hour for all work completed by Dr. Gershwin.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.